UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID WHETSTONE,

        Petitioner,

vs.                                 Case No. 3:04-cv-532-J-32MMH

JAMES R. MCDONOUGH,[1] et al.,

        Respondents.

## ORDER[2]

### I. Status

Petitioner, an inmate of the Florida penal system who is proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) pursuant to 28 U.S.C. § 2254 on June 28, 2004. He challenges his 1999 state court (Duval County) conviction for attempted second degree murder on the ground that he

---

[1] James R. McDonough, the Interim Secretary of the Florida Department of Corrections, is substituted as the proper party Respondent for James V. Crosby, Jr., pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

received ineffective assistance of counsel because counsel failed to request that aggravated battery, battery and aggravated assault be given as lesser included offenses to the charge of attempted first degree murder.

On August 9, 2004, Respondents filed an Answer in Response to Order to Show Cause (Doc. #5) (hereinafter Response). On August 11, 2004, Respondents filed their exhibits in support of the Response (Doc. #7) (hereinafter Ex.). Petitioner's Traverse to State's Response (Doc. #8) was filed August 25, 2004.[3]

## II.  Evidentiary Hearing

This Court has carefully reviewed the record and concludes Petitioner is not entitled to an evidentiary hearing. A habeas corpus petitioner is entitled to an evidentiary hearing in federal court if he alleges facts which, if proven, would entitle him to habeas corpus relief. Smith v. Singletary, 170 F.3d 1051, 1053-54 (11th Cir. 1999) (citation omitted); Cave v. Singletary, 971 F.2d 1513, 1516 (11th Cir. 1992) (citing Townsend v. Sain, 372 U.S. 293 (1963)). Here, the pertinent facts of the case are fully developed in the record before the Court. The Court can "adequately assess [Petitioner's] claim[s] without further factual development." Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert.

---

[3] The state court procedural history is set forth in the Response. See Response at 1-6. Respondents assert, and this Court agrees, that this action was timely filed and that Petitioner exhausted his claim in state court. Therefore, the Court will not summarize the state court procedural history.

denied, 541 U.S. 1034 (2004). Therefore, an evidentiary hearing will not be conducted by this Court.

### III. Standard of Review

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (hereinafter AEDPA). Since this action was filed after the effective date of AEDPA, the Court will analyze Petitioner's claim under 28 U.S.C. § 2254(d), as amended by AEDPA. Nelson v. Alabama, 292 F.3d 1291, 1294-95 (11th Cir. 2002), cert. denied, 538 U.S. 926 (2003); Fugate v. Head, 261 F.3d 1206, 1215 n.10 (11th Cir. 2001), cert. denied, 535 U.S. 1104 (2002); Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000).

The Eleventh Circuit has described the standard of review under AEDPA and has explained:

> The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this [action] and limits our review of the decisions of the state courts:
>
> > A federal court may not grant a petition for a writ of habeas corpus to a state prisoner on any claim that has been adjudicated on the merits in state court unless the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light

> of the evidence presented in state court.

Clark v. Crosby, 335 F.3d 1303, 1307-08 (11th Cir. 2003) (citations omitted). A general framework of substantial deference governs our review of every issue that the state courts have decided:

> [A] state-court decision can be "contrary to" this Court's clearly established precedent in two ways. First, a state-court decision is contrary to this Court's precedent if the state court arrives at a conclusion opposite to that reached by this Court on a question of law. Second, a state-court decision is also contrary to this Court's precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours.
>
> . . . .
>
> [A] state-court decision can involve an "unreasonable application" of this Court's clearly established precedent in two ways. First, a state-court decision involves an unreasonable application of this Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state court decision also involves an unreasonable application of this Court's precedent if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

4

>    Williams v. Taylor, 529 U.S. 362, 405-07, 120 S.Ct. 1495, 1519-20, 146 L.Ed.2d 389 (2000).

Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1141 (11th Cir.), cert. denied, 126 S.Ct. 803 (2005).

The Eleventh Circuit addressed the application of the "contrary to" clause in reviewing a state court adjudication:

>    In applying the "contrary to" prong of AEDPA, we have recognized that where no Supreme Court precedent is on point, "we cannot say that the state court's conclusion . . . is contrary to clearly established Federal law as determined by the U.S. Supreme Court." McIntyre v. Williams, 216 F.3d 1254, 1258 (11th Cir. 2000).

Washington v. Crosby, 324 F.3d 1263, 1265 (11th Cir.), cert. denied, 540 U.S. 965 (2003).

Under 28 U.S.C. § 2254(d)(2), this Court must determine whether the state court's adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Furthermore, AEDPA "also directs that a presumption of correctness be afforded factual findings of state courts, which may be rebutted only by clear and convincing evidence. See id. at § 2254(e)(1). This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling.  <u>Wright v. Sec'y for the Dep't of Corr.</u>, 278 F.3d 1245, 1255 (11th Cir. 2002), <u>cert</u>. <u>denied</u>, 538 U.S. 906 (2003).  <u>See</u> <u>Peoples v. Campbell</u>, 377 F.3d 1208, 1227 (11th Cir. 2004), <u>cert</u>. <u>denied</u>, 125 S.Ct. 2963 (2005).  Thus, to the extent that Petitioner's claim was adjudicated on the merits in the state courts, it must be evaluated under the new § 2254(d).

### **IV. The Facts**

In the opinion issued in response to Petitioner's direct appeal, the First District Court of Appeal summarized the evidence admitted during Petitioner's trial.

> The evidence at trial established that appellant and his wife separated in November 1997.  In February 1998, appellant's wife obtained a domestic violence injunction, prohibiting appellant from having any contact with his wife either in person, by mail, telephone, or through a third party. In addition, the injunction expressly prohibited appellant from going to, in, or near his wife's current residence, or any residence to which she later moved.  Notwithstanding the existence of the injunction, appellant's wife testified at trial that in April 1998, she and appellant lived together in the home of the wife's parents. The evidence also established that in June 1998, appellant and his wife entered into a lease agreement for rental of a house with an option to buy.  The owner of the

house verified the employment status of both appellant and his wife, because he was leasing to both persons. The owner provided appellant and his wife with a form option to purchase contract to look over, then met with the couple three days later to confirm the lease agreement. Appellant and his wife lived together in the subject residence for two weeks or more in July 1998. Appellant's wife testified that he had not been allowed to enter the house since the end of July 1998.

Neither appellant nor his wife resided in the leased premises in September 1998. Sometime in mid-September, appellant's wife began living with her male friend in his residence, but she went to the leased premises every day. During September, appellant was serving a jail sentence for trespass.

The events underlying this appeal occurred in early October 1998. Around noon of October 7, 1998, appellant's wife arrived at the subject residence with her male friend. Appellant was in the house and conducting himself as though he lived there, when his wife and her male friend entered. The trial testimony of appellant's wife indicates that the police were called, and appellant left. Sometime during the late night hours of October 8 and the early morning hours of October 9, 1998, appellant's wife arrived at the leased premises alone, and spoke to a neighbor before she entered the house. Appellant arrived on a bicycle, and accosted his wife with a knife as she came back out on the porch. The trial testimony indicates that appellant threatened to kill his wife. When she knocked the knife from appellant's hand and attempted to run away, appellant struck her in the head with a rock which he grabbed from an aquarium in the residence. Appellant's wife ran screaming into a neighbor's house; appellant remained outside talking to the neighbor, then rode away on his bicycle.

7

Whetstone v. State, 778 So.2d 338, 339-40 (Fla. 1st DCA 2000); Ex. H at 2.

## V. The Applicable Law

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citations omitted). The Eleventh Circuit captured the essence of an ineffectiveness claim:

> [A] petitioner must show that his lawyer's performance fell below an "objective standard of reasonableness" and that the lawyer's deficient performance prejudiced the petitioner. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Establishing these two elements is not easy: "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)).
>
> For assessing a lawyer's performance, Chandler v. United States, 218 F.3d 1305 (11th Cir. 2000) (en banc) cert. denied, 531 U.S. 1204, 121 S.Ct. 1217, 149 L.Ed.2d 129 (2001), sets out the basic law: "Courts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." Id. at 1314 (internal marks omitted). . . . Our role in reviewing an ineffective assistance claim is not to "grade" a lawyer's performance; instead, we determine only whether a lawyer's performance was within "the wide range of

> professionally competent assistance." See Strickland, 104 S.Ct. at 2066.
>
> The inquiry into whether a lawyer has provided effective assistance is an objective one: a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take." See Chandler, 218 F.3d at 1315. . . .
>
> A petitioner's burden of establishing that his lawyer's deficient performance prejudiced his case is also high. "It is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test." Strickland, 104 S.Ct. at 2067. Instead, a petitioner must establish that a reasonable probability exists that the outcome of the case would have been different if his lawyer had given adequate assistance. See id. at 2068.

Van Poyck v. Florida Dep't of Corrections, 290 F.3d 1318, 1322-23 (11th Cir. 2002) (per curiam) (footnotes omitted), cert. denied, 537 U.S. 812 (2002), 537 U.S. 1105 (2003).

In sum, "[w]ithout proof of both deficient performance and prejudice to the defense, . . . it could not be said that the sentence or conviction 'resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable,' and the sentence or conviction should stand." Bell v. Cone, 535 U.S. 685, 695 (2002) (internal citation omitted) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)).

## VI. Findings of Fact and Conclusions of Law

As noted previously, Petitioner contends that he received ineffective assistance of counsel because counsel failed to request that aggravated battery, battery and aggravated assault be given as lesser included offenses to the charge of attempted first degree murder. Petitioner raised this claim in a motion for post-conviction relief, and after conducting an evidentiary hearing, the trial court adjudicated the claims as follows:

> This matter came before this Court on Defendant's Motion for Post-Conviction Relief filed pursuant to Florida Rule of Criminal Procedure 3.850 on December 10, 2001.
>
> On June 4, 1999, following a jury trial, Defendant was convicted of one count [of] Armed Burglary with an Assault or Battery and one count of Attempted Second-Degree Murder and was sentenced as an Habitual Felony Offender to two concurrent terms of twenty (20) years of incarceration. (Exhibit "A.") Defendant's conviction and sentence were affirmed on appeal through a Mandate issued on March 5, 2001, as to Attempted Second-Degree Murder. (Exhibit "B.") Defendant's conviction and sentence were reversed on appeal through a Mandate issued on March 5, 2001, as to Armed Burglary with an Assault or Battery conviction and this charge was stricken from Defendant's Judgment and Sentencing Order. (Exhibit "B," "C.")
>
> In the instant Motion, Defendant raises two grounds for relief premised upon allegations of ineffective assistance of counsel. Initially, this Court notes that in order to prevail on a claim of ineffective assistance of counsel, Defendant must show that: (1) counsel's performance was outside the wide range of reasonable professional assistance, and (2) counsel's deficient

10

performance prejudiced the defense, *i.e.*, that there is a reasonable probability that the outcome of the proceeding would have been different absent counsel's deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984); Cherry v. State, 659 So.2d 1069 (Fla. 1995); Knight v. State, 394 So.2d 997 (Fla. 1981); Reaves v. State, 593 So.2d 1150 (Fla. 1st DCA 1992). Further, the "standard is reasonably effective counsel, not perfect or error-free counsel." Coleman v. State, 718 So.2d 827, 829 (Fla. 4th DCA 1998). Prejudice is demonstrated if the deficiency was sufficient to render the result unreliable. Gorham v. State, 521 So.2d 1067 (Fla. 1988).

In ground one, Defendant asserts that counsel rendered ineffective assistance by failing to request the permissive jury instructions for the lesser included offenses of Aggravated Battery, Battery, Aggravated Assault, and Assault to the charged [sic] of Attempted First-Degree Murder. The First District Court of Appeal held that counsel's failure to request a jury instruction on a one-step removed lesser included offense did not amount to ineffective assistance of counsel. Sanders v. State, 2002 WL 31528599 (Fla. 1st DCA 2002). This Court notes that the Court instructed the jury on the lesser included offenses of Attempted Second Degree Murder, a second-degree felony, and Attempted Voluntary Manslaughter, a third-degree felony. (Exhibit "D," pages 249-277.) Upon receipt of the case, the jury disregarded the lesser third degree felony and chose to convict Defendant of the second-degree felony. Accordingly, since the jury had the opportunity to convict Defendant of a second-degree felony and a third-degree felony and chose to convict Defendant of the second-degree felony, this Court finds that counsel's failure to request an instruction on Aggravated Battery, Battery, Aggravated Assault or Assault, constitutes harmless error and Defendant has failed to establish

11

>     prejudice to his case.  <u>State v. Abreau</u>, 363
>     So.2d 1063 (Fla. 1978); <u>Sanders</u>.

Ex. I at 130-32.

This claim was rejected on the merits by the trial court, and the appellate court per curiam affirmed the trial court's order. Ex. L at 1. Thus, there are qualifying state court decisions. The Court must next consider the "contrary to" and "unreasonable application" components of the statute. "It is the objective reasonableness, not the correctness <u>per</u> <u>se</u>, of the state court decision that we are to decide." <u>Brown v. Head</u>, 272 F.3d 1308, 1313 (11th Cir. 2001), <u>cert</u>. <u>denied</u>, 537 U.S. 978 (2002).

Upon a thorough review of the record and the applicable law, it is clear that the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. <u>See</u> Response at 16-20. Thus, Petitioner is not entitled to relief on the basis of this claim.

Accordingly, for the above-stated reasons, the Petition will be denied, and this case will be dismissed with prejudice.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of June, 2006.

/s/ Timothy J. Corrigan
TIMOTHY J. CORRIGAN
United States District Judge

ps 5/26
c:
David Whetstone
Ass't Attorney General Trisha Meggs Pate

13